IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, and JOHN DOE 1, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES TWIRLING ASSOCIATION, INC., KAREN CAMMER, and KORALEA SLAGLE, <br><br> Defendants. | Case No.: |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**

**INTRODUCTION**

This case arises out of highly sensitive events involving the drugging and sexual assault of a minor. Plaintiff Jane Doe 1 **("Victim")** is a two-time national champion baton twirler, who in September 2019 traveled as a minor to Lima, Peru with the United States Twirling Association **("USTA")** to serve as a baton twirling ambassador for the United States. (Complaint ¶ 1). While on the USTA-supervised trip to Lima, Peru (the **"Lima Trip"**), Victim was deprived of water, escorted to unsavory locations where only alcohol was served, forced to pose, model and dance with strangers, and subjected to repeated sexual advances by the local Peruvian host (*See Complaint* generally). Defendants promised Victim that private security and national guards would accompany Victim and her fellow twirlers while they were in Peru, but no such security was provided. (*Id.*)

On the evening of September 11, 2019, Victim was taken to a private event where she was drugged. Victim lost control of her senses and became noticeably ill. The USTA chaperone did

nothing to assist Victim. As Victim was attempting to recover by taking a shower, the Peruvian host entered her hotel room, pulled her out of the shower, and sexually assaulted her. (*Id.*)

Plaintiffs now seek redress for the substantial harm that they have suffered. However, the allegations and damages in this matter are of the utmost intimacy and highly personable to the Plaintiffs. Victim also fears the additional shame and humiliation that could follow if details of her abuse while she was a minor are made public, as she is a champion baton twirler who continues to be active in the sport and maintains close personal ties to many members of the twirling community. Permitting Plaintiffs to vindicate their rights under pseudonyms will not compromise any public interest, nor will it prejudice the Defendants.

Accordingly, Plaintiffs respectfully request leave of this Court to proceed anonymously by utilizing pseudonyms.

## **ARGUMENT**

Although Federal Rule of Civil Procedure 10(a) requires that "all the parties" be named in the title of the complaint, courts recognize that there are exceptions to this rule. *See Doe v. Fedcap Rehab. Servs., Inc.,* No. 17-CV-8220 (JPO), 2018 WL 2021588, at *1 (S.D.N.Y. Apr. 27, 2018). The Rule 10(a) requirement, "though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *See id., citing Sealed Plaintiff v. Sealed Defendant* #1, 537 F.3d 185, 188-89 (2d Cir. 2008). " When determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *See Sealed Plaintiff v. Sealed Defendant* #1, 537 F.3d 185, 189 (2d Cir. 2008). To aid in this balancing, the Second Circuit has identified a non-exhaustive list of factors:

1. whether the litigation involves matters that are highly sensitive and of a personal nature;

2. whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;

3. whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;

4. whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;

5. whether the suit is challenging the actions of the government or that of private parties;

6. whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

7. whether the plaintiff's identity has thus far been kept confidential;

8. whether the public's interest in the litigation is further by requiring the plaintiff to disclose his identity;

9. whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

10. whether there are alternative mechanisms for protecting the confidentiality of the plaintiff. *(Id.* at 190 (alterations, citations, and internal quotation marks omitted)).

"[A] district court is not required to list each of the factors or use any particular formulation as long as … the court balance[s] the interests at stake in reaching its conclusion." *Id.* at 191 n.4.

The relevant factors in this case support the Court granting this Motion.

**A.     Plaintiff Should be Allowed to Proceed Anonymously Because the Litigation Involves Matters That Are Highly Sensitive And of a Personal Nature**

Plaintiffs' claims involve sexual harassment and sexual abuse of a minor are "highly sensitive." Courts have routinely recognized that "[h]istorically, an exaggerated concern for female chastity and a regrettable inclination to blame the victim for sexual assaults, along with society's

general respect for sexual privacy, have resulted in an atmosphere in which victims of sexual assault may experience shame or damage to reputation." *Doe v. Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006). *See also, C.D.,* 2018 WL 1935999, at *2. Consequently, courts have often granted pseudonymity solely (or in large part) because of the "sensitive nature of, and stigma attached to, the subject matter in certain cases." *Id.* at n.10 (collecting cases). *See also Doe v. Blue Cross & Blue Shield United of Wisc.,* 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties."); *Doe No. 2 v. Kolko,* 242 F.R.D. 193, 196 (E.D.N.Y. 2006) (collecting cases granting anonymity in cases involving abortion, sexual assault, or AIDS status).

Here, like in *Doe v. Rockefeller University,* Plaintiffs 'clams involve alleged acts that will "no doubt center on information about Plaintiff of a sensitive and highly personal nature." *Doe v. Rockefeller University,* No. 950172/2019, 2019 WL 6354255, at *3 (N.Y. Sup. Ct. Nov. 22, 2019). Therefore, this factor weighs in favor of anonymity.

  **B.**  **Disclosing Plaintiffs' Identities Increases the Risk of Retaliation against Them and Innocent Third Parties**

According to its website, ustwirling.com, the USTA claims it is the "nation's leading sport baton twirling organization." Victim is a competitive baton twirler who remains active in the sport on a collegiate level. As a competitive twirler, she is at risk of psychological injury stemming from judges affiliated with the USTA becoming aware of this lawsuit and grading her accordingly. Moreover, while the local Peruvian host and alleged perpetrator knows Plaintiffs' identities, and therefore could cause harm to Plaintiffs and their families even if Plaintiffs were to proceed anonymously, the alleged perpetrator could instigate third parties to cause Plaintiffs harm if the Plaintiffs were not allowed to proceed anonymously. The risk to Plaintiffs is decidedly greater if Plaintiffs had to proceed publicly. Therefore, this factor weighs in Plaintiffs' favor.

4

### C. Plaintiffs are Particularly Vulnerable to the Possible Harms of Disclosure

The Victim in this case is particularly vulnerable to the possible harms of disclosure because she was a minor at the time of the assault and is currently a college student. The Victim is at risk to face stigma and judgment from fellow college students, as well as fellow baton twirlers and judges. *See Kolko,* 242 F.R.D. at 197 (where plaintiff feared those in her former community could potentially ostracize her, "given the ease with which the public could access court files in this case, it is reasonable that plaintiff's fears extend beyond ostracism in the … community").

The Victim is still in recovery from the trauma associated with the assault. Given her history of emotional trauma, public identification can present the harm of further emotional distress. *See Doe v. Univ. of Connecticut,* No. 3:09 CV 1071 JGM, 2013 WL 4504299, at *28 (D. Conn. Aug. 22, 2013) (finding public identification can present the harm of further emotional upset for a plaintiff with a history of emotional disorders, and for that reason plaintiff is "particularly vulnerable to the possible harms of disclosure.").

### D. Defendant Will Not Suffer Prejudice by Allowing Plaintiffs to Use Pseudonyms

Where a defendant is aware of plaintiffs' identity prior to the initiation of the court action, courts are reluctant to find prejudice to the defendant. *See E.W. v. N.Y. Blood Ctr.,* 213 F.R.D. 108, 112 (E.D.N.Y. 2003) (finding no prejudice to defendants in conducting discovery or trying the case by allowing plaintiff to proceed under a pseudonym because defendant already knew plaintiffs' names); *Doe v. United Servs. Life Ins. Co.,* 123 F.R.D. 437, 439 (S.D.N.Y. 1988) (finding no disadvantage to defendant by allowing Doe to proceed pseudonymously because "[defendant] already knows Doe's true identity, it will have full discovery rights as the case progresses, and it will only be barred from using or disclosing the fruits of its discovery for purposes other than the defense of this action."). Further, a defendant is not prejudiced by a

plaintiff proceeding pseudonymously if the defendant is still able to fully conduct discovery at trial. *See Doe v. Smith*, 105 F. Supp. 2d 40, 45 (E.D.N.Y. 1999) (finding no prejudice where defendant retained the right to depose all witnesses and obtain all documents, and where plaintiff's anonymity did not limit defendant's rights or public access to a trial); *Kolko*, 242 F.R.D. at 198 ("[o]ther than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by plaintiff's anonymity in court papers.").

Here, courts must consider whether permitting a plaintiff to proceed anonymously would frustrate a defendant's ability to participate in the case, whether it would cause reputational injury to the defendant, and whether it would undermine principles of fundamental fairness. *See Doe v. Townes*, No. 19-CV-8034, 2020 WL 2395159, at *5 (S.D.N.Y. May 12, 2020); *Solera Cap. LLC*, 2019 WL 1437520, at *7 (finding "no prejudice to [defendant's] ability to conduct discovery or try the matter if plaintiff were to proceed under a pseudonym where the defendants already know the plaintiff's name" (alteration in original) (quotation omitted)); *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 407 (S.D.N.Y. 2019).

Because Defendant knows Plaintiffs' names, allowing Plaintiffs to proceed under a pseudonym would not likely impede Defendant's ability to investigate Plaintiffs' allegations or to conduct initial discovery. But courts have also considered the later stages of a case and recognized the danger that cross-examination of an anonymous plaintiff could be compromised and the risk that a jury would not be able to properly assess the credibility of a plaintiff proceeding under a pseudonym. *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 225 (S.D.N.Y. 2015) ("A witness who proceeds under her own name and is subject to potentially rigorous cross-examination may feel more inhibited than a pseudonymous witness from fabricating or embellishing an account.

6

Moreover, the jury, armed with greater information about Doe and her professional and personal standing, will be better equipped to assess her credibility and her asserted motives for accusing Delta of battery. . . . Finally, allowing Doe to proceed pseudonymously would run a risk of giving her claims greater stature or dignity before, or otherwise confusing or distracting, the jury."), *aff'd*, 672 F. App'x 48 (2d Cir. 2016). But Plaintiffs state they will reveal their identities to appropriate third parties under a confidentiality order, will disclose their names to the Court, and will appear for depositions. (Mem. at 9). This ameliorates some of the potential prejudice to Foukas. *See Doe v. Nygard*, No. 20-CV-6501, 2020 WL 4890427, at *3 (S.D.N.Y. Aug. 20, 2020). ("On the other hand, Defendants will experience little or no prejudice by allowing Plaintiffs to remain anonymous at this stage of the proceeding, as Plaintiffs have agreed to make their names and identities known to Defendants, subject to an appropriate protective order.").

### E. There is No Public Interest Requiring Disclosure

An additional factor that would support Plaintiffs' need to proceed anonymously is the fact that this case presents no particularly strong public interest in revealing Plaintiffs 'identity beyond the general "universal public interest in access to the identities of litigants." *Doe v. Megless,* 654 F.3d 404, 411 (3d Cir. 2011). Moreover, Defendants 'prejudice as to Plaintiffs remaining anonymous is inexistent, as while "[i]t is elementary that the primary function of a pleading is to apprise an adverse party of the pleader's ***claim***" the same does not necessarily apply to a pleader's name. *Id.* at *2, citing *Cole v. Mandell Food Stores, Inc.*, 93 NY2d 34, 40 (1999).

In sum, because Plaintiff Jane Doe 1 is an alleged victim of sexual assault, and has suffered emotional, physical, and psychological distress, the use of a pseudonym (would avoid any sensational publicity" associated with the widely known Defendants, United States Twirling Association, Inc. *Id.*

7

For these reasons, a grant of anonymity by this Court is warranted.

## CONCLUSION

Plaintiffs respectfully request that the Court grant this Motion and allow Plaintiffs to proceed in this matter anonymously, under the pseudonyms "Jane Doe 1, Jane Doe 2, and John Doe 1."

Dated: September 9, 2022

                                                                                      Respectfully submitted,

                                                                                     */s/ Greg G. Gutzler*
                                                                                     Greg G. Gutzler
                                                                                     Joshua J. Lax
                                                                                     **DICELLO LEVITT LLC**
                                                                                     485 Lexington Ave., 10th Floor
                                                                                     New York, New York 10017
                                                                                     (646) 933-1000
                                                                                     ggutzler@dicellolevitt.com
                                                                                     jlax@dicellolevitt.com

                                                                                     -and-

                                                                                     */s/ Andrew S. Goldwasser*
                                                                                     Andrew S. Goldwasser
                                                                                     (*pro hac vice forthcoming*)
                                                                                     **CIANO & GOLDWASSER, LLP**
                                                                                     28601 Chagrin Blvd., Suite 250
                                                                                     Beachwood, Ohio 44122
                                                                                     (216) 658-9900
                                                                                     asg@c-g-law.com

                                                                                     *Counsel for Plaintiffs*