UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JANE DOE 1, JANE DOE 2, and JOHN DOE 1

                        Plaintiffs,

                -against-

UNITED STATES TWIRLING ASSOCIATION, INC.,
KAREN CAMMER, and KORALEA SLAGLE.

                        Defendants.
-----------------------------------------------------------------------X

**ORDER**
2:22-cv-05399 (OEM) (ST)

**ORELIA E. MERCHANT, United States District Judge:**

      Plaintiffs Jane Doe 1, Jane Doe 2, and John Doe 1 (collectively, "Plaintiffs") bring this civil action against defendants United States Twirling Association ("UTSA"), Karen Cammer ("Cammer") and Koralea Slagle ("Slagle") ( collectively, "Defendants") concerning an alleged sexual assault of a minor that occurred during an USTA-supervised international baton-twirling trip to Lima, Peru ( the "Lima Trip"). Before the Court is Defendants' Motion to Bifurcate the trial, pursuant to Federal Rule of Civil Procedure 42(b).

      Defendants request that this Court bifurcate the trial into a liability phase and a damages phase. Defendants Motion to Bifurcate ("Def Mtn."), ECF 59 at 2. In addition, Defendants request that the Court grant separate trials on compensatory damages and punitive damages, on the grounds that the burden of proof differs. *Id.* at 7. Specifically, Defendants argue that bifurcation would promote judicial efficiency and avoid prejudice and jury confusion. Plaintiffs oppose Defendants' motion arguing that in this case liability and compensatory damages cannot be separated and that bifurcation will increase expenses, prolong the process, and inconvenience the Court, jury, parties, and witnesses. *See* Plaintiffs' Opposition ("Pl. Opp."), ECF 63 at 6.

      For the reasons that follow, Defendants' motion to bifurcate the trial is denied.

1

**BACKGROUND**[1]

In September of 2019, plaintiff Jane Doe 1, a minor, traveled to Lima, Peru with the USTA to serve as a baton twirling ambassador for the United States. Compl. at 1. Jane Doe 2 and John Doe 1 are Jane Doe 1's parents. *Id.* Defendant Cammer, at all relevant times, was the President of the USTA, and Defendant Slagle was the USTA-approved chaperone for the Lima Trip. *Id*. at 2-3. Plaintiffs allege that Jane Doe 1 was drugged and sexually assaulted on the trip by a non-party to this litigation, Jacobo[2], who was the president of the Lima Lions Club—the local sponsors for the USTA-supervised trip. Compl. ¶¶ 24,116. Plaintiffs bring various claims against Defendants including negligence and gross negligence and seek compensatory and punitive damages. *See generally* Compl.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 42(b) grants the district court broad discretion to allow for separate trials with regards to issues and claims in order to "further convenience, avoid prejudice, or promote efficiency." 56 *Amato v. City of Saratoga Springs*, 170 F.3d 311, 316 (2d Cir. 1999); *see also In re Sept. 11 Litig.*, 802 F.3d 314, 339 (2d Cir. 2015) ("Decisions to bifurcate trials...are authorized by Federal Rule of Civil Procedure 42(b) and are typically well within the discretion of district courts."). "[W]hether to bifurcate a trial into liability and damages phases is a matter within the sound discretion of the trial court." *Getty Petroleum Corp. v. Island Transp. Corp*., 862 F.2d 10, 15 (2d Cir. 1988). Bifurcation "'is the exception; not the rule.'" *FragranceNet.com, Inc. v. FragranceX.com*, *Inc.*, No. 06-CV-2225 (JFB) (AKT), at *2, 2007 U.S. Dist. LEXIS 110755

---

[1] For the purposes of the motion, the Court uses the facts as alleged in the Complaint, ECF 1 ("Compl."), noting that Defendants' fact section of their Motion to Bifurcate references in part the facts as alleged in the Complaint as well. *See generally* Def Mtn.

[2] "Jacobo's last name is withheld here to protect his identity while a criminal investigation is underway." Compl. at 4, fn 1.

(E.D.N.Y. Aug. 28, 2007) (collecting cases); *see also Yutong Jin v. Choi*, No. 1:20-CV-09129 (MKV), 2021 U.S. Dist. LEXIS 34358, at *5-6 (S.D.N.Y. Feb. 24, 2021).

"In establishing that bifurcation is warranted, the burden falls squarely on the party seeking bifurcation." *Guidi v. Inter-Continental Hotels Corp.*, No. 95-CV-9006 (LAP), 2003 U.S. Dist. LEXIS 5739, 2003 WL 1846864, at *1 (S.D.N.Y. April 8, 2003) (citing *Dallas v. Goldberg*, 143 F.Supp.2d 312, 315 (S.D.NY. 2001)). "[T]he movant must justify bifurcation on the basis of the substantial benefits that it can be expected to produce." *Svege v. Mercedes-Benz Credit Corp.*, 329 F. Supp. 2d 283, 284 (D. Conn. 2004). "On a case-by-case basis, courts should examine, among other factors, whether bifurcation is needed to avoid or minimize prejudice, whether it will produce economies in the trial of the matter, and whether bifurcation will lessen or eliminate the likelihood of juror confusion." *Lewis v. City of New York*, 689 F. Supp. 2d 417, 429 (E.D.N. Y. 2010); *see also Computer Assocs. Int'l, Inc. v. Simple.com, Inc.*, 247 F.R.D. 63, 67 (E.D.N.Y. 2007); *Hopkins v. Nat'l R.R. Passenger Corp.*, No. 08-CV-2965 (NGG)(RML), 2016 WL 1588499, at *1 (E.D.N.Y. Apr. 19, 2016).

## DISCUSSION

Defendants contend that bifurcation would enhance judicial efficiency by resolving the question of liability first, allowing the parties to avoid the "complexities and longer length of a unified trial that includes damages" if Defendants are not found liable. Def Mtn. at 5. Defendants state that bifurcation would promote expediency and convenience of the parties/witnesses by potentially shortening the time required for their involvement in the trial. Further Defendants assert that there would be no need for medical experts and eliminate extended testimony from the Jane Doe 1 regarding her damages. *Id.* at 2, 6. Defendants argue that even if liability is found and a damages trial is had "there will likely be little overlap with witnesses during the liability trial."

3

*Id.* at 6.

Plaintiffs oppose Defendants' motion for bifurcation, contending that bifurcating liability from compensatory damages is impractical. Pl. Opp. at 1. Plaintiffs argue that bifurcation would not serve judicial economy here because liability and compensatory damages are intertwined to the extent that 10 out of state witnesses[3] (including the expert witnesses),[4] would likely need to offer testimony as to both liability and damages.[5] *Id*. at 4-5.

The Court is not persuaded by Defendants' projection of success at trial in the liability stage,[6] thereby eliminating the need for a second trial for damages. *See Computer Associates Intern., Inc.*, 247 F.R.D. at 67. While the Court can appreciate Defendants' anticipated advocacy at trial, the reality is that the Court cannot predict who will be successful at the liability stage, and therefore this argument alone does not justify bifurcation. *See Mensler v. Wal-Mart Transportation, LLC*, No. 13-CV-6901 (JCM), 2015 WL 7573236, at *4 (S.D.N.Y. Nov. 24, 2015). It is not sufficient to say that the potential elimination of a second trial provides judicial economy, it is not apparent to the Court that bifurcation would indeed spare the Court the need to address damages at a later stage. Rather, it avails to say that Defendants "projected savings are by no means guaranteed." *Aldous v. Honda Motor Co.*, No. 94-CV-1090, 1996 WL 312189, at *2 (N.D.N.Y. May 30, 1996).

Furthermore, with regard to Defendants' argument that bifurcation would provide

---

[3] Plaintiffs explain that trip participants, the other baton twirlers, are witnesses who will testify regarding their knowledge of the events (i.e., liability) and their observations of Jane Doe's post-incident behavior (i.e., damages). *Id*. at 5-6. These witnesses include other twirlers who were on the trip with Jane Doe.
[4] Further, Plaintiffs explain that the experts will testify to liability from a forensic medical standpoint as to whether Jane Doe was assaulted and drugged, and with regards to damages, the effect or impact the incidents had on Jane Doe 1. Pl. Opp. at 5.
[5] Plaintiffs are not opposed to a separate punitive jury trial−however, Plaintiffs are adamant that liability and compensatory damages should not be separated. *Id*. at 1.
[6] Defendants motion for summary judgment was denied with regards to liability. *See generally* Order Denying Summary Judgment dated April 28, 2023.

4

expediency and convenience, the Court notes that Plaintiffs listed 10 witnesses, including expert witnesses, who would likely testify regarding both damages and liability. Plaintiffs explain that the experts will be testifying to liability from a forensic standpoint as to whether Jane Doe 1 was assaulted, and that the expert testimony from a damages perspective will address the impact of the assault/incidents had on Jane Doe 1. Pl. Opp. at 5.[7] As such, the combination of the anticipated testimony content and overlap of witnesses alone supports the contention that if there is a verdict finding liability of Defendants, bifurcating liability and damages would be inefficient rather than presenting all issues and all evidence to the jury at one time. *See Svege,* 329 F. Supp.2d at 285.

Thus, the Court concludes that liability and damages are so intertwined that bifurcation would be impractical. *See Lewis,* 689 F. Supp. at 428 ("Ordinarily, a jury is entitled to hear all of the evidence and deliberate over all of the issues in the case at one time." (cleaned up)).

Next, Defendants argue that bifurcation is necessary to avoid prejudice and jury confusion that would occur if the Court were to allow one unified trial and the presentation of Plaintiffs' damage allegations. Def's Mtn. at 9. Defendants assert that the evidence needed to establish damages would involve emotionally charged testimony that could improperly inflame and influence the jury on both the liability and damages verdict. *Id*. Further, Defendants assert that the jury may experience confusion when trying to identify punitive damages for each individual defendant while also considering compensatory damages. *Id.* at 8.

Plaintiffs argue that Defendants' argument of undue prejudice is misguided in that the "emotionally charged" details of assault are necessary to help the jury determine credibility of the witness in order to establish liability. Pl. Opp. at 6. Plaintiffs assert that Defendants have not shown that a unified trial of liability and damages would result in more prejudice than is inherent

---

[7] Many of Plaintiffs' witnesses are not New York residents, and therefore would be coming from out of state for trial. *See* Pl. Opp. at 2-3.

5

in most personal injury cases. *Id*. at 7.

Defendants argue that they will be prejudiced on the issues of liability if the jury hears evidence surrounding the alleged sexual assault and the emotional and post traumatic distress. Of course, such evidence always has potential to prejudice the jury against Defendants given the nature of the alleged conduct. However, "the same observation could be made in any case involving traumatic injuries or death. Yet, the issues of liability and damages are routinely tried [together], even in cases of death or severe injury." *Svege*, 329 F.Supp.2d at 284; *see also Chase v. Near*, 2007 WL 2903823, *2 (W.D.N.Y. 2007) (denying bifurcation motion where "there are no particular factors specific to this case that distinguish the potential for prejudice here from the potential prejudice which is normally and customarily dealt with through an appropriate charge and curative instructions where necessary") (internal quotation omitted). As an evidentiary matter, federal courts are concerned not about the mere presence of prejudice but "substantial" unfair prejudice. *See* Fed. R. Evid. 403.

Further, regardless of whether the Court bifurcates the issues of liability and damages, here because liability and injury are so intertwined, the jurors in the liability phase would inevitably be exposed to the same subject matter when assessing potential damages. "Therefore, it is not clear to this [c]ourt that bifurcation will eliminate or even substantially reduce the potential prejudice that [d]efendants fear." *Svege*, 329 F.Supp.2d at 285; *Moody v. CSX Transportation, Inc.*, 271 F. Supp. 3d 410, 434 (W.D.N.Y. 2017).

Lastly, the Court finds that this case – a negligence action – does not present complex legal or factual questions. *Mensler*, 2015 WL 7573236, at *4. Defendants have not provided a compelling reason for the Court in this case to doubt the jury's inability to separate the issues of liability and damages. *See Svege*, 329 F.Supp.2d at 283. Defendants' concerns with regard to the

6

jury improperly using sympathy to conflate liability and damages "[can] most effectively be minimized, or altogether avoided, through limiting instructions designed to emphasize that the jurors must not be swayed by sympathy." *Lewis*, 689 F. Supp. 2d at 429. Furthermore, Defendants' apprehension regarding the calculation of damages as to compensatory and punitive damages can be addressed through "[g]ood lawyering and careful instructions should keep the jury focused and on task even if liability and damages are tried together." *Svege,* 329 F. Supp. 2d at 285; *see also Lewis v. Am. Sugar Refin., Inc.*, No. 14-CV-02302 (CRK), 2018 U.S. Dist. LEXIS 245800, at *5 (S.D.N.Y. Mar. 27, 2018) ("Bifurcation would be inconvenient, would neither expedite nor economize the proceedings, and Defendants' concerns regarding prejudice can be addressed without bifurcation"). Ultimately, because "[t]he parties will rely upon similar evidence and testimony in presenting their arguments as to the issues of liability, compensatory damages, and punitive damages," the Court finds that "these issues are interconnected, and bifurcation would not serve the interests of judicial economy" nor do the circumstances warrant an exercise of the Court's discretion to deviate from the norm of a single trial. *Id.*

## CONCLUSION

For the foregoing reasons the Court finds that (1) significant resources would not be saved by bifurcating; (2) bifurcation would not increase juror comprehension; and (3) bifurcation would lead to the repetition of evidence and witnesses. *See McCaffery v. McCaffery*, No. 11 CV 703, 2015 WL 1809565, at * 1 (E.D.N. Y. Apr. 21, 2015) (cleaned up)). Therefore, Defendants' motion to bifurcate the trial pursuant to Rule 42(b) is denied.

**SO ORDERED.**

Dated: April 26, 2024  
Brooklyn, New York

/s/  
**ORELIA E. MERCHANT**  
**United States District Judge**